IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAD ROBERT BULLOCK, | ) |
| | ) |
| Debtor-Appellant, | ) |
| | ) |
| vs. | ) Case No. 20-CV-81-SMY |
| | ) |
| RUSSELL C. SIMON, | ) Bankruptcy Case No. 14-40875 |
| | ) |
| Trustee-Appellee. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**

Pending before the Court is Debtor-Appellant Chad Robert Bullock's appeal of the November 6, 2019 and January 8, 2020 orders of the bankruptcy court (Doc. 2). Appellant and Trustee-Appellee Russel Simon filed briefs (Docs. 9, 16, 22). Appellee also filed a Motion to Dismiss (Doc. 15) to which Appellant objected (Doc. 18).

### Background

Bullock filed his Chapter 13 Petition on August 5, 2014 (Bankruptcy Case ("BC") Doc. 1). Neither Bullock's Schedule B (list of assets) nor his Statement of Financial Affairs referenced a potential worker's compensation claim. Under the Plan, confirmed on October 17, 2014, Bullock was to make plan payments for a period of sixty (60) months (BC Doc. 5). The Plan further provided, "Property of the estate shall revest in the Debtor upon confirmation of the Debtor's Plan, subject to the rights, if any, of the Trustee to assert a claim to additional property of the estate acquired by Debtor post-petition pursuant to 11 U.S.C. § 1306." (BC Doc. 15).

On June 28, 2018, Simon filed a motion to compel Bullock to file an Amended Plan and an Amended Schedule B to include a 2017 settlement of the previously undisclosed worker's compensation claim (BC Doc. 42). In response, Bullock filed an Amended Schedule B on July 6,

2018, listing the settlement (BC Doc. 45). He also filed an Amended Schedule C to claim an exemption in the settlement proceeds pursuant to 820 ILCS 305/21 and 735 ILCS 5/12-1001(b), respectively (BC Doc. 46). According to the Amended Schedule B, Bullock received $92,430.84 from his worker's compensation claim, but by the time the settlement was disclosed to Simon and the bankruptcy court, he had spent virtually all the proceeds.

On July 20, 2018, Simon moved to compel and for turnover; requesting an order compelling Bullock to turn over the worker's compensation award to the bankruptcy estate and requiring Bullock to file an amended plan to provide for turnover of the funds (BC Doc. 48). Bullock then filed a declaratory judgment action in the bankruptcy court seeking a declaration that he is not required to file an amended plan. *Chad Robert Bullock v. Russell C. Simon*, 18-4039-lkg (hereinafter "declaratory action."). After motion practice and following a hearing on March 1, 2019 in this bankruptcy case and the declaratory action, the bankruptcy court granted Simon's motion, denied Bullock's request for declaratory judgment, and entered an order requiring Bullock to file an Amended Plan within 30 days, providing for 100% repayment to his unsecured creditors (BC Doc. 67).

On March 14, 2019, Bullock filed a Notice of Appeal and Statement of Election as to the March 1, 2019 Order in both this bankruptcy case and the declaratory action (hereinafter "First Appeal") (BC Doc. 71).[1] While the First Appeal was pending, Bullock voluntarily complied with the Order and amended his Plan twice – on May 2, 2019 (BC Doc. 92) and May 13, 2019 (BC Doc. 97). The May 13th Amended Plan provided for monthly payments of $148 for 59 months and a lump sum payment of $15,100 for the 60th month (i.e. August 2019). In confirming the Amended Plan on June 28, 2019, the bankruptcy court stated:

---

[1] *Chad Robert Bullock v. Russell C. Simon*, 19-cv-310 -SMY

> Upon written certification from the Trustee that funds sufficient to pay 100% to all allowed general unsecured claims have not been received by August 31, 2019, this case will be dismissed with a permanent bar to the discharge of all scheduled debts.

(BC Doc. 109; Order Approving Amended Plan at BC Doc. 110).

On September 3, 2019, Simon filed a Report of Non-Compliance and Motion to Dismiss, asserting that Bullock was in default of a material term of his confirmed Amended Plan (BC Doc. 113). On November 6, 2019, the bankruptcy court held a hearing on Simon's motion, orally granted the motion, and dismissed the bankruptcy case "with a permanent bar to the discharge of all scheduled debts." The court's order was memorialized in a minute entry as follows:

> Case is called for hearing on the trustee's Motion to Dismiss Case. Pursuant to the statements made in open court, the Motion to Dismiss Case is Granted and the case is dismissed with a permanent bar to the discharge of all scheduled debts…
>
> Note: These written minutes are a clerical entry of the court proceedings for record keeping purposes only. They are not and should not be construed as the order of the court, which was orally delivered. Consult the transcript of the proceedings for the actual order. (BC Doc. 116).

The deadline to file a motion to reinstate expired on November 20, 2019 and Bullock did not seek to reinstate the case. On November 21, 2019, the bankruptcy court issued a notice of dismissal to all creditors and parties in interest, indicating that "the case will be closed without further notice." (BC Doc. 118). The order of dismissal did not include language retaining jurisdiction over pending adversary proceedings or any other matters.

On December 4, 2019, Simon filed a "Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59" seeking to add language to the clerk's minutes before the final period; to wit "subject to the outcome of the appeal pending in the United States District Court for the Southern District of Southern Illinois [sic]" (a reference to the First Appeal) (BC Doc. 121). After a hearing, the motion was orally denied on January 8, 2020 (BC Doc. 125). Bullock filed a Notice of Appeal on January 17, 2020 in the bankruptcy court (BC Doc. 126) which was filed in

this court on January 21, 2020 (Doc. 1). Bullock filed an Amended Notice of Appeal on February 23, 2020 (Doc. 7), clarifying that he is appealing both the November 6, 2019 and January 8, 2020 orders.[2]

### Discussion

### Motion to Dismiss

A Notice of Appeal must be filed within 14 days "after entry of the judgment, order, or decree being appealed." Fed.R.Bankr.P. 8002(a). A motion to alter or amend judgment, filed no later than 14 days after entry of judgment, tolls that deadline until the bankruptcy court issues an order disposing of the motion. *Id*. 8002(b)(1)(B); Fed.R.Bankr.P. 9023.

Simon argues that because the order dismissing the case was entered on November 6, 2019 and Bullock did not file a timely motion to alter or amend judgment, his January 17, 2020 appeal is untimely and this matter must be dismissed for lack of jurisdiction. Bullock maintains that his Notice of Appeal is timely because the November 21, 2019 notice to creditors triggered the appeals clock, thereby rendering his December 4, 2019 motion to alter or amend and, consequently, his January 17, 2020 notice of appeal timely (filed within 14 days of the January 8, 2020 order). Essentially, Bullock argues that a written order is required but was never entered and, as such, the bankruptcy court's *oral* order dismissing the case was insufficient to start the notice of appeal clock. Bullock is partially correct.

Bankruptcy Rule 8002(a) provides:

**(5) Entry defined**

**(A)** A judgment, order, or decree is entered for purposes of this Rule 8002(a):

   **(i)** when it is entered in the docket under Rule 5003(a), or

---

[2] The First Appeal was dismissed as moot on March 26, 2020 and affirmed on appeal on January 22, 2021. *In re Bullock*, 986 F.3d 733 (7th Cir. 2021).

>> **(ii)** if Rule 7058 applies and Rule 58(a) F.R.Civ.P. requires a separate document, when the judgment, order, or decree is entered in the docket under Rule 5003(a) and when the earlier of these events occurs:
>>
>>> • the judgment, order, or decree is set out in a separate document; or
>>> • 150 days have run from entry of the judgment, order, or decree in the docket under Rule 5003(a).
>
> **(B)** A failure to set out a judgment, order, or decree in a separate document when required by Rule 58(a) F.R.Civ.P. does not affect the validity of an appeal from that judgment, order, or decree.

And, Rule 5003(a) provides that "the Clerk shall keep a docket in each case under the code and shall enter thereon each judgment, order, and activity in that case . . . . The entry of a judgment or order in a docket shall show the date the entry is made."

Contrary to Bullock's argument, whether the bankruptcy court's order dismissing the case is oral or written makes no difference; both are orders of the court. Under Bankruptcy Rule 5003(a), the Clerk is required only to memorialize the order of the court; it did so in the November 6, 2019 docket entry. However, because the bankruptcy court dismissed the case with prejudice, it was required by Bankruptcy Rule 7058 and *F.R.C.P.* 58 to enter a separate judgment.[3] *Bell v. Kay*, 847 F.3d 866, 868 (7th Cir. 2017) (*per curiam*) (noting that the district court was required to enter a separate judgment upon dismissal with prejudice); *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) ("Rule 58 is designed to produce a distinct indication that the case is at an end, coupled with a precise statement of the terms on which it has ended. It should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion."). Here, because no separate judgment was entered, the appeals clock did not begin to run until 150 days after the

---

[3] Rule 58(b)(2)(B) provides, in relevant part, that the court must approve judgment, which the clerk must promptly enter, when "the court grants other relief" not described in subdivision (b), i.e pursuant to a jury verdict, an award of only costs or a sum certain, or a denial of all relief.

November 6, 2019 order dismissing the case, rendering Bullock's appeal timely. Accordingly, Simon's Motion to Dismiss is **DENIED**.

## Appeal

A federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court pursuant to 28 U.S.C. § 158. In that vein, the bankruptcy court's findings of fact are reviewed for clear error while legal conclusions are reviewed *de novo*. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011). The district court "'may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings.'" *In re Pearson Bros. Co.*, 787 F.2d 1157, 1161 n.3 (7th Cir. 1986) (citing a former version of Fed. R. Bankr. P. 8013 (West 1984)). Bullock argues that the bankruptcy court committed reversable error when it ordered him to file an amended plan, dismissed the case with a permanent bar to the discharge of all debts, and failed to amend its order dismissing the case to include a proviso that dismissal was subject to the First Appeal.

Whether the bankruptcy court committed reversible error in ordering an amended plan was the subject of Bullock's First Appeal which was dismissed as moot.[4] Moreover, an appeal of this issue is untimely and forfeited. As the Seventh Circuit noted in the First Appeal, Bullock had the option of immediately appealing confirmation of the Amended Plan within 14 days of June 28, 2019:

> Debtor could have amended his plan, objected to its confirmation, and appealed as needed . . . . According to the Supreme Court, plan confirmation and case dismissal are immediately appealable proceedings . . . . Confirmation has preclusive effect, foreclosing relitigation of an issue actually litigated by the parties and any issue

---

[4] This issue is subject to *res judicata*, an affirmative defense that may be raised *sua sponte*. *Arizona v. California*, 530 U.S. 392, 412 (2000) ("Most notably, if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit but is also based on the avoidance of unnecessary judicial waste." (citation and quotation marks omitted)).

> necessarily determined by the confirmation order . . . . Yet debtor stood by when the bankruptcy court confirmed his modified plan. Months later, and after debtor failed to make final payments pursuant to that plan, trustee moved to dismiss. Debtor only then moved to amend or alter the bankruptcy court's order, not even challenging the dismissal. His opportunity to object to the modified plan had therefore long passed, foreclosing relitigation of the issue that debtor and trustee actually litigated before the bankruptcy court and that confirmation of the amended plan necessarily determined.

*In re Bullock*, 986 F.3d at 737 (citations, quotation marks, and editing marks omitted). Accordingly, having failed to challenge the bankruptcy court's approval and confirmation of the Amended Plan by filing an appropriate and timely notice of appeal, Bullock may not litigate that same claim in this appeal.

Bullock's argument, that the bankruptcy court erred in issuing a permanent bar to the discharge of all debts also is waived. In the June 28, 2019 order overruling Simon's objection to Amended Plan, Bullock was advised that the bankruptcy court would permanently bar the discharge of all debts if he failed to comply with the requirement of a lump sum payment by August 31, 2019. When Bullock failed to make the lump sum payment as required, the bankruptcy court dismissed the case on November 6, 2019, and as promised, imposed a permanent bar on the discharge of all debts. At no point between June 28, 2019 and November 6, 2019 did Bullock raise an objection to the bankruptcy court's intended disposition. Nor did he object to Simon's September 3, 2019 motion to dismiss requesting the same. Likewise, Bullock did not object to the permanent bar in his Rule 59 motion. "Arguments not raised in the bankruptcy court are forfeited on appeal." *In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007). By failing to raise the issue of the permanent bar in the bankruptcy court in the first instance, Bullock has waived the claim before this Court. Bullock argues that waiver should not be applied because it was Simon's burden to make a showing of bad faith to support a permanent bar. But this argument could have and should have been made before the bankruptcy court; it was not.

Finally, Bullock argues that the bankruptcy court's dismissal order should have been amended to include the language: "subject to the outcome of the appeal pending in the United States District Court for the Southern District of Southern Illinois [sic]" in order to preserve the district court's jurisdiction over the First Appeal.[5] This issue is moot because the Seventh Circuit has rendered a decision and, as of the date of this Order, no petition for a writ of certiorari to the United States Supreme Court is pending. As such, it is unclear what remedy this Court can fashion. *See Church of Scientology of California v. United States*, 506 U.S. 9, 13 (1992) (holding that a matter is not moot if "a court can fashion *some* form of meaningful relief in [the] circumstances" (emphasis in original)).

## Conclusion

For the forgoing reasons, Appellee's Motion to Dismiss is **DENIED** and the Bankruptcy Court's November 6, 2019 and January 8, 2020 Orders are hereby **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 10, 2021**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**

---

[5] Appellant has not provided a transcript of the November 6, 2019 proceedings before the bankruptcy court and therefore has not provided the actual order of the court. *See* Bankruptcy Rule 8009(b) (noting Appellants duty to order transcripts of proceedings). Rather, he refers to language in the minute entry generated by the Clerk, which *is not* the order of the court.